**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JAMES WARREN BAILEY,

    Petitioner,

v.                                            Case No. 8:02-cv-1207-T-30TBM

JAMES V. CROSBY, JR.,[1] et al.,

    Respondents.
_____/

**ORDER**

Petitioner, an inmate in a Florida penal institution proceeding *pro se*, initiated this cause of action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 1988 convictions for first degree murder, sexual battery, and kidnaping entered by the Thirteenth Judicial Circuit, Hillsborough County, Florida (Dkt. 1). Respondent has filed a response to the petition (Dkt. 8), and Petitioner has filed a reply thereto (Dkt. 14). This matter is now before the Court for a decision on the merits of the petition.

**Background**

Petitioner was charged by indictment on March 16, 1988, with the premeditated murder of Kimberly Ann Hanlon (Dkt. 9, Ex. 002 at 1). A superseding indictment was returned on July 13, 1988, charging Petitioner with first degree murder, sexual battery, and kidnaping. *Id.* Represented by court-appointed counsel, Petitioner proceeded to a trial by

---

[1] James V. Crosby, the current Secretary of the Florida Department of Corrections, is substituted as the proper party respondent for Michael W. Moore, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure

jury on August 22, 1988. The jury found Petitioner guilty as charged on August 26, 1988, and recommended imposition of the death penalty (Dkt. 9, Ex. 001 at 2). Instead, the trial court judge exceeded the guidelines and sentenced Petitioner to a term of life imprisonment without a possibility of parole for 25 years on the first degree murder count and consecutive life terms on each of the two remaining counts. *Id.*

On March 11, 1992, the appellate court affirmed Petitioner's convictions and sentences in a *per curiam* opinion, with the mandate issuing on April 29, 1992. *See Bailey v. State*, 599 So.2d 662 (Fla. 2d DCA 1992).

On April 12, 1994, Petitioner filed an application for state post-conviction relief pursuant to Fla. R. Crim. P. 3.850. The trial court originally denied the motion as untimely. The appellate court reversed the trial court's decision on July 20, 1994, and remanded the case for further proceedings, finding as follows:

> The trial court denied as time-barred the appellant's motion for postconviction relief, which he filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse because the motion was filed within two years of the issuance of this court's mandate in the appellant's direct appeal from his judgment and sentence in this case. *See McCuiston v. State*, 507 So.2d 1185 (Fla. 2d DCA 1987) (judgment of conviction becomes final upon issuance of mandate in direct appeal), *approved in*, 534 So.2d 1144 (Fla. 1988).
>
> Reversed and remanded.

*Bailey v. State*, 640 So.2d 1173 (Fla. 2d DCA 1994). On remand, the State filed a response to the motion and exhibits in support thereof. The trial court summarily denied Petitioner's rule 3.850 motion based on the state court record (Dkt. 9, Ex. 015). On April 5, 1995, the appellate court affirmed the trial court's decision, *per curiam. See Bailey v. State*, 654 So.2d 922 (Fla. 2d DCA 1995). The mandate was issued on May 24, 1995.

On May 23, 1997, Petitioner, through retained collateral counsel, filed a motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850 raising a claim of newly discovered evidence. Petitioner asserted that co-defendant and state witness James Whyte had recanted his trial testimony. An evidentiary hearing was held on January 21, 1998, following which the trial court denied Petitioner's Rule 3.850 motion, finding as follows:

> The Court, after giving careful consideration to all testimony and evidence presented, finds that Mr. Whyte testified under oath four times regarding his presence and participation at the scene and as to the participation of Defendants Bailey and Riley. He had six opportunities at the violation of probation hearing and in one postconviction motion to admit that his prior testimony was perjured; however, it was not until 1995, that he decided to recant his testimony. On these bases, the Court finds Mr. Whyte's testimony on January 21, 1998, to lack credibility.

Dkt. 9, Ex. 024, Attach., Order Denying Motion for Post Conviction Relief at 4. The appellate court affirmed, *per curiam*, the trial court's decision on May 21, 1999, with the mandate issuing on June 15, 1999. *See Bailey v. State*, 736 So.2d 1186 (Fla. 2d DCA 1999) (Table).

Petitioner filed a *pro se* Rule 3.850 motion on June 6, 2001, raising six grounds for relief. Applying the state's two-year limitation for Rule 3.850 motions to the first three grounds and the procedural rules barring collateral litigation of issues which are available for appeal, the trial court summarily denied the untimely motion on September 26, 2001 (Dkt. 9, Ex. 025). On January 9, 2002, the appellate court affirmed the trial court's decision, *per curiam*. *See Bailey v. State*, 812 So.2d 414 (Fla. 2d DCA 2002) (Table). Petitioner's motion for rehearing was denied on February 14, 2002 (Dkt. 9, Ex. 031), and the mandate issued on March 19, 2002 (Dkt. 9, Ex. 032).

Not deterred, Petitioner filed a petition for writ of habeas corpus in the Florida Supreme Court on March 8, 2002 (Dkt. 9, Ex. 034). The Florida Supreme Court denied Petitioner's request for review of the appellate court's *per curiam* decision affirming the denial of his Rule 3.850 motion, citing *Breedlove v. Singletary*, 595 So.2d 8, 10 (Fla. 1992), and *Mills v. Dugger*, 574 So.2d 63, 65 (Fla. 1990 ) (a petition for extraordinary relief is not a second appeal and cannot be used to litigate issues that could have been, should have been, or have been raised on direct appeal or in prior post-conviction proceedings), and dismissed the petition pursuant to the holding in *Grate v. State*, 7650 So.2d 625 (Fla. 1999) (extraordinary writs may not be used to seek review of an appellate court decision entered without a written opinion), on June 5, 2002. *See Bailey v. State*, 821 So. 2d 292 (Fla. 2002) (Table).

Petitioner filed the present petition on July 5, 2002[2] (Dkt. 1). He raises the following claims for relief in the petition:

1. [The] conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

    Newly discovered evidence. James Whyte, state's "key and essential witness," committed perjury about his prior Florida felony convictions and his knowledge of handguns. The State failed its constitutional duty to correct Whyte's perjured testimony about his prior Florida felony convictions and his knowledge of handguns. Also the State capitalized on the perjured testimony by exploiting the false testimony in its closing argument.

---

[2]Although the petition was not received by the Clerk's office for filing until July 8, 2002 (Dkt. 1), the document was executed on July 5, 2002. This circuit considers § 2254 petitions for habeas relief and documents related thereto "filed" when a *pro se* prisoner delivers one of them to a prison official for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (a notice of appeal filed by an incarcerated *pro se* litigant was deemed filed at the time the inmate relinquished control of it to prison officials); *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).

  2. Prosecutorial misconduct. Conviction obtained because the state misinformed defense counsel and allowed its "key and essential witness" to commit perjury.

    Newly discovered evidence. The state suppressed portions of the plea agreement with its "key and essential witness," James Whyte. The state misled the defense, court, and jury, Mr. Whyte committed perjury, [sic] about the terms and conditions of his plea agreement. Also the State failed to correct Mr. Whyte's testimony about his plea agreement with the State.

  3. Prosecutorial misconduct. Conviction obtained because the State failed to inform defense counsel of its intent to perpetrate fraud upon the court on Mr. Whyte's behalf.

    Newly discovered evidence. The State suppressed the information that the prosecutor was going to commit fraud upon Mr. Whyte's sentencing court by falsifying the guileline [sic] score sheet of its "key and essential witness" on his charges arising from the incident being prosecuted.

  4. Denial of due process and equal protection.

    The trial court summarily denied my postconviction relief motion filed June 8, 2001, which contained the above grounds One, Two, and Three.

Respondent's response was filed on March 12, 2002 (Dkt. 19). Respondent acknowledges that the claims are properly exhausted, but asserts, *inter alia*, that the petition is untimely pursuant to 28 U.S.C. § 2244(d). Having reviewed the record, applicable statutes, and controlling case law, the Court agrees.

**Evidentiary Hearing**

Petitioner asserts that he is entitled to an evidentiary hearing on the claims asserted in his § 2254 petition. Rule 8 of the Rules Governing Section 2254 Cases provides, in pertinent part, that once all of the parties' documents have been filed with the court, "the judge. . .shall review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is

warranted." *See also* Rules Governing Section 2254 Cases 8(a) advisory committee note (stating that "[s]ince the function of an evidentiary hearing is to try issues of fact. . . , such a hearing is unnecessary when only issues of law are raised.") (citation omitted).

A petitioner has the burden of establishing the need for an evidentiary hearing. *See Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir.) (en banc), *cert. denied*, 469 U.S. 874 (1984). Petitioner has not met that burden. The Court finds that an evidentiary hearing is not required in this matter. *See Jones v. United States*, 304 F.3d 1035, 1045 n.18 (11th Cir. 2002); *In re Boshears,* 110 F.3d at 1541 n.1 (recognizing that "hearing and findings of fact [are] not required for [a] § 2255 motion where 'the files and records of the case conclusively show that the prisoner is entitled to no relief' " (quoting 28 U.S.C. § 2255)).

## Discussion

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter the "AEDPA"), which shortened the time prisoners have for filing a federal habeas petition.  "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. §2244(d)(1)(A).  Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Although Petitioner's convictions became final before the enactment of the AEDPA, these provisions are applicable to his petition because it was filed after AEDPA's

enactment on April 24, 1996. *See Williams v.* Taylor, 529 U.S. 420, 429 (2000). Since Petitioner did not then have an application for state post-conviction relief pending, the one-year limitation period for his federal habeas petition began to run on the date of AEDPA's enactment. *See Wilcox v. Fla. Dept. of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998). Thus, absent tolling by the filing of a state application for post-conviction relief, Petitioner had until April 24, 1997, in which to file a request for federal habeas relief.

Petitioner did not file a state application for post-conviction relief until May 23, 1997 -- 29 days <u>after</u> the one-year limitation period expired. Petitioner does not dispute that his petition was not filed within one year of his conviction becoming final on direct review. Instead, Petitioner asserts that he should be allowed to go forward under 28 U.S.C. § 2244(d)(1)(D) based on newly discovered evidence. As Respondent points out, however, even if the Court accepts Petitioner's assertion that Whyte's November 5, 1995 affidavit recanting his testimony constitutes newly discovered evidence, Petitioner has failed to demonstrate that he was diligent in his pursuit for relief. Specifically, the state appellate court affirmed the denial of Petitioner's Rule 3.850 motion asserting this claim on June 15, 1999. *See Bailey v. State*, 736 So.2d 1186 (Fla. 2d DCA 1999). Yet, Petitioner allowed an idle period of nearly two years to elapse after the appellate court issued its mandate affirming the denial of his first Rule 3.850 motion before again seeking post-conviction relief on June 6, 2001. Thus, even if Petitioner's second Rule 3.850 motion was "properly filed" under *Artuz v. Bennett,* 531 U.S. 421 (2000), *but see Pace v. DiGuglielmo*, __ U.S. __, 125 S.Ct. 1807, 1814 (April 27, 2005) (where petitioner's state postconviction petition was rejected by the state court as untimely under state statute of limitations, court held that "a petition that cannot even be initiated or considered due to the failure to include a timely

claim is not 'properly filed.'" (citation omitted)), it had no practical tolling effect on the one-year limitations period for filing a request for federal habeas relief, which had already lapsed.  *See Tinker v. Moore*, 255 F.3d 1331, 1333-36 (11th Cir. 2001), *cert. denied* 534 U.S. 1144 (2002).

Petitioner's claim of "newly discovered evidence" lacks merit.  Petitioner acknowledges in his sworn statements that the claims he asserts herein were raised in the Rule 3.850 motion he filed on June 6, 2001, wherein Petitioner argued that he did not discover the "errors" raised in grounds one through three until he obtained a copy of an FDLE criminal history report on Whyte ordered December 5, 2000. The state post-conviction court held that he failed to show how this information could not have been discovered prior to expiration of the two-year limitations period applicable to Rule 3.850 motions.

Given that Whyte testified during Petitioner's Rule 3.850 hearing on January 21, 1998, Petitioner's assertion that he was prevented by the State from discovering the basis for the claims presented in the instant petition is incredible.  As stated *supra*, having had an opportunity to confront Whyte during the Rule 3.850 hearing, Petitioner then waited nearly two years before presenting these claims to the state court.

To warrant application of section 2244(d)(1)(D), Petitioner must persuade this Court that he exercised due diligence in his search for the factual predicate of his claim. The Eleventh Circuit has held that an application that "merely alleges that the applicant did not actually know the facts underlying . . . his claim" is insufficient to show due diligence. *In re Boshears*, 110 F.3d 1538, 1540 (11th Cir. 1997).  The inquiry is "whether a reasonable investigation . . . would have uncovered the facts the applicant alleges are `newly

discovered.'" *Id.* (citation omitted). A petitioner's belated realization of the purported legal significance of the facts does not delay commencement of the limitations period.

Thus, the petition for federal habeas relief is clearly time-barred under 28 U.S.C. § 2244(d)'s one-year limitations provision unless Petitioner can establish that he is entitled to equitable tolling of the limitations period. Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curium*)). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dept. of Corrs.*, 297 F.3d 1278, 1286 (11th Cir. 2002) (finding that equitable tolling can be applied to prevent the application of the one-year limitations period when extraordinary circumstances have worked to prevent an otherwise diligent petitioner from timely filing his petition). In this circuit, "[d]ue diligence . . . does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts." *Aron v. United States*, 291 F.3d 708, 713 (11th Cir. 2002). As stated *supra*, "the due diligence inquiry is an individualized one,"*see id.*, and Petitioner carries the burden of demonstrating that he should be allowed to proceed despite the untimeliness of the petition, *see Drew*, 297 F.2d at 1286. Petitioner has not asserted that he is entitled to the benefit of equitable tolling, much less demonstrated cause and prejudice for the untimely filing of his § 2254 petition.

Petitioner has failed to show that any extraordinary circumstance <u>beyond his control</u> made it impossible for him to file his petition for writ of habeas corpus in a timely manner. *See Helton v. Sec. for the Dept. of Corrs.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001).

(holding that "[t]he 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction.").

This circuit has yet to decide whether there is an "actual innocence" exception to AEDPA's one-year statute of limitations. *See Helton*, 259 F.3d at 1315; *Wyzykowski v. Dept. of Corr.,* 226 F.3d 1213, 1219 (11th Cir. 2000). Were "actual innocence" an exception to the application of the one-year limitations provisions of § 2244, the Court would still be precluded from granting Petitioner the relief he seeks.

Where a federal habeas petition is procedurally barred, to prevail on a claim of "actual innocence" a petitioner must demonstrate that he has newly discovered evidence which, if presented at trial would establish <u>factual innocence</u> rather than mere legal insufficiency. *See Sawyer v. Whitley,* 505 U.S. 333, 339 (1992) (citations omitted). *See also Schulp v. Delo*, 513 U.S. 298, 316 (1995) (citations omitted) (holding that "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."); *High v. Head*, 209 F.3d 1257, 1270 (11th Cir. 2000) ("If the petitioner claims actual innocence of the underlying crime, he must show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent." (citation omitted)).

Whyte's affidavit does not meet this test. Moreover, while information regarding the terms of Whyte's plea agreement, his criminal history, and his knowledge of handguns at the time of Petitioner"s trial might be useful to impeach Whyte's testimony, it is not evidence that goes to Petitioner's role in the events which led to the death of the victim. As Petitioner

acknowledges, his "newly discovered evidence" claims relate to Whyte's credibility as a witness, *see* Dkt. 1 at 5A; it is not, however, evidence of <u>factual</u> innocence.

If the statements therein are true,[3] all that the affidavit establishes is that Whyte perjured himself on issues unrelated to the charged offenses when he testified at Petitioner's trial. Just as this "newly discovered" evidence would be insufficient to warrant granting a new trial, *see Davidson v. United States*, 138 Fed.Appx. 238, 239 (11th Cir. 2005) (citing *United States v. Kersey*, 130 F.3d 1463 (11th Cir. 1997)), it is likewise insufficient to demonstrate a colorable claim of "actual" <u>factual</u> innocence here. *See Calderon v. Thompson*, 523 U.S. 538, 562-63 (1998) (rejecting evidence which impeached the credibility of the jailhouse informants who testified that petitioner confessed the rape and murder to them, the court held that the "impeachment evidence provide[d] no basis for finding a miscarriage of justice . . . [because] the evidence is a step removed from evidence pertaining to the crime itself" (citation omitted)).

The Court finds that Petitioner has not shown that the delay in pursuing federal habeas relief was the result of a rare circumstance beyond his control that was unavoidable with due diligence.  Simply put, Petitioner has failed to demonstrated any basis for the Court to disregard the procedural bar to a consideration of the merits of his underlying claims.

## Conclusion

Given the chronology of events set forth above, it is clear that more than one year elapsed between the date the convictions challenged herein became final after direct

---

[3]As set forth *supra*, the trial court found that Whyte's January 21, 1998 testimony regarding statements he made in the affidavit lacked credibility (Dkt. 9, Ex. 024, Attach., Order Denying Motion for Post Conviction Relief at 4).  Petitioner has not overcome by clear and convincing evidence the presumption of correctness accorded the trial court's finding.  *See* 28 U.S.C. 2254(e).

-11-

review and the filing of the instant petition, even after taking into account the period during which Petitioner had properly filed post-conviction motions pending.   The Court finds, therefore, that the petition is time-barred under the provisions of § 2244(d).

ACCORDINGLY, it is **ORDERED** that:

1. The Petition for Writ Of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 is **DENIED**.

2. The Clerk of Court shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on September 7, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished:
Counsel/Parties of Record

SA:jsh