# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

JAMES WARREN BAILEY,

      Petitioner,

v.                                         Case No.  8:02-cv-1207-T-30TBM

JAMES V. CROSBY, JR., et al.,

      Respondents.

_____/

## ORDER

This matter is before the Court on Petitioner's Notice of Appeal of this Court's September 7, 2005 decision denying his petition for federal habeas relief (Dkt. 18) and an Application for Certificate of Appealability filed pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. §2253[2] (Dkt. 19).  The appellate filing fee has been paid (Receipt No. T034309).

While issuance of a COA does not require a showing that the appeal will succeed, more than the absence of frivolity or the presence of good faith is required for a petitioner to clear this hurdle. *See Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Under the

---

[1] "Certificate of Appealability.  (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals."  Rule 22, Fed. R. App. P.

[2] "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;. . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c).

controlling standard, a petitioner must demonstrate that reasonable jurists could find it debatable whether (1) the petition states a valid claim of the denial of a constitutional right <u>and</u> (2) the district court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001); *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam).

Finding that his petition was not filed within the one-year limitation period applicable to requests for federal habeas relief, *see* 28 U.S.C. § 2244(d), the Court denied Petitioner's challenge to the validity of his 1988 convictions for first degree murder, sexual battery, and kidnaping. Because the petition is time-barred, and Petitioner has failed to make a sufficient showing of the "extraordinary circumstances" required to warrant equitable tolling of the limitations period, Petitioner has failed to satisfy the second prong of the *Slack* test.  529 U.S. at 484.

ACCORDINGLY, the Court **ORDERS** that the Application for Certificate of Appealability is **DENIED** (Dkt. 19).

**DONE** and **ORDERED** in Tampa, Florida on October 31, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copy furnished to</u>:
Counsel/Parties of Record

SA:jsh

-2-